

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–13–965

| | | |
|---|---|---|
| DONALD DUVALL | **APPELLANT** | **Opinion Delivered** June 4, 2014 |
| V. | | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. DR–2011-54] |
| CHIUNG-FANG LIANG | **APPELLEE** | HONORABLE GORDON W. "MACK" McCAIN, JR., JUDGE |
| | | REVERSED |

## DAVID M. GLOVER, Judge

This case presents a procedural morass surrounding a ten-year order of protection entered on behalf of Chiung-Fang Liang on January 31, 2013, and made effective until January 31, 2023. Donnie Duvall is Ms. Liang's ex-husband, and he is the subject of the protective order. He made several unsuccessful efforts to have the order set aside by the trial court. In this appeal, he contends that he was not given proper notice of the final hearing, rendering the trial court powerless to enter an order of protection, and that the trial court acted without authority when it continued the temporary order of protection after it had expired on its own terms. We agree that Donnie was not given proper notice; accordingly, we reverse the June 17, 2013 order denying his motion to set aside and dismiss the order of protection, and we vacate the January 31, 2013 order of protection.

For his first point of appeal, Donnie asserts that the only attempt to serve notice on

him concerning the final hearing on January 31, 2013, was a letter dated January 10, 2013, that was purportedly sent to him by regular mail. He contends that such service of notice did not satisfy the requirements of Arkansas Code Annotated section 9-15-204 (Repl. 2009), nor did it satisfy either Rule 4 or Rule 5 of the Arkansas Rules of Civil Procedure. We agree.

Arkansas Code Annotated section 9-15-204 provides in pertinent part:

> (b)(1) Service of a copy of the petition, the ex parte temporary order of protection, if issued, and notice of the date and place set for the hearing described in subdivision (a)(1) of this section shall be made upon the respondent:
>
> (A) At least five (5) days before the date of the hearing; and
>
> (B) In accordance with the applicable rules of service under the Arkansas Rules of Civil Procedure.

Rule 5 (dealing with service and filing of pleadings and other papers) would be the applicable rule of service in this case because it was an ongoing action, and Donnie was still represented by counsel.

This matter originated in Pope County; it was subsequently raised in Faulkner County, where Donnie was represented by counsel; next, it was transferred by the Faulkner County Circuit Court back to the Pope County Circuit Court. Donnie's Faulkner County attorney notified the Pope County Circuit Court that he had not been retained by Donnie to represent him in Pope County, but he took no further action to withdraw from his representation of Donnie.

For this appeal, the important fact is that no service of notice pursuant to Rule 5 was made to Donnie's Faulkner County attorney, who was the only attorney representing him at the time the case was transferred to Pope County and who had not taken the appropriate steps

2

to withdraw his representation of Donnie pursuant to Rule 64 of the Arkansas Rules of Civil Procedure. Rule 5(b)(1) provides:

> Whenever under this rule or any statute service is required or permitted to be made upon a party represented by an attorney, the service shall be upon the attorney, except that service shall be upon the party if the court so orders or the action is one in which a final judgment has been entered and the court has continuing jurisdiction.

Neither of the exceptions apply in this case, and service upon Donnie's counsel was not even attempted.

As we have long held, statutory-service requirements, being in derogation of the common law, are strictly construed and compliance must be exact. *E.g., Wright v. Viele*, 2013 Ark. App. 471, ____ S.W.3d ____. This rule applies equally to the service requirements imposed by rules of the court. *Id.* Proceedings conducted where the attempted service was invalid render judgments arising under them void. *Id.* Because the service requirements concerning notice of the January 31, 2013 hearing were not satisfied (and Donnie was not present at the hearing), we hold that the trial court was without authority to act, which rendered the final order void. It is not necessary to address Donnie's second point of appeal in light of our decision concerning this first point of appeal.

Reversed.

GRUBER and WHITEAKER, JJ., agree.

*Seth Irwin*, for appellant.

*Mark D'Auteuil*, Center for Arkansas Legal Services, for appellee.