Cite as 2025 Ark. App. 189

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-24-53

|  |  |  |
|---|---|---|
| | | Opinion Delivered April 2, 2025 |
| CHRISTOPHER MILLER | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [NO. 60DR-23-2749] |
| V. | | |
| KEYUNNA BROWN | | HONORABLE RITA BAILEY, |
| | APPELLEE | JUDGE |
| | | REVERSED; CIRCUIT COURT ORDER VACATED |

**N. MARK KLAPPENBACH, Chief Judge**

Christopher Miller appeals a final order of protection entered by the Pulaski County Circuit Court. In this one-brief appeal, Miller argues that the order of protection should be reversed and dismissed because he was not properly served and because there was insufficient evidence of domestic abuse. We agree that service was defective; accordingly, we reverse and vacate the order of protection.

On August 9, 2023, Keyunna Brown filed a petition for an order of protection against Miller, the father of her child. She alleged that Miller had confronted her at a restaurant on July 10, 2023, and later that evening, he called her and threatened to kill her. Brown alleged that Miller also told her that he should have pistol-whipped her at the restaurant. The circuit

court entered an ex parte order of protection and set a hearing for August 28, 2023. The court later entered an amended order setting the hearing for September 28.

Proof of service was filed on September 27 stating that service was completed on September 26 by serving Miller's wife at his address. Neither Miller nor counsel on his behalf appeared at the September 28 hearing. Miller's counsel did, however, file a motion alleging that the hearing should be continued because Miller was hospitalized and that the matter should be dismissed because Miller was not properly served. At the hearing, the circuit court noted that Miller had been served on September 26 and denied the motion. After hearing testimony from Brown, the circuit court entered a final order of protection effective until September 28, 2026. Miller appealed.

Miller first argues that the order of protection should be reversed and dismissed because service was defective. Arkansas Code Annotated section 9-15-204(b)(1)(A) (Supp. 2023) provides that service of a copy of the petition, the ex parte temporary order of protection, and notice of the date and place set for the hearing shall be made upon the respondent at least five days before the date of the hearing. Because Miller was allegedly served on September 26, and the hearing took place on September 28, he argues that the five-day requirement was not met.

It is well established that service of valid process is necessary to give a court jurisdiction over a defendant. *Wright v. Wright*, 2023 Ark. App. 512, 678 S.W.3d 640. Proceedings conducted where the attempted service was invalid render judgments arising under them void. *Duvall v. Chiung-Fang Liang*, 2014 Ark. App. 359. In *Duvall*, we held that an order of

protection was void where the attempted service did not comply with section 9-15-204 and Duvall was not present at the hearing. As in *Duvall*, the statutory-service requirements were not satisfied here, and Miller did not waive the defense of personal jurisdiction. Because Miller was not served at least five days before the date of the hearing as required by statute, the circuit court was without authority to act, and the order is void. Therefore, we vacate the order of protection.

Reversed; circuit court order vacated.

THYER and BROWN, JJ., agree.

*Rojas Smith Attorneys, P.A.*, by: *Heather Hersh*, for appellant.

One brief only.

3